UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS BRENT FIELDS,<br><br>    Plaintiff,<br><br>v.<br><br>SAMAN SAMADANI, et al.,<br><br>    Defendants. | Case No.: 1:24-cv-01019-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY IN FORMA PAUPERIS STATUS**<br><br>**14-DAY OBJECTION PERIOD**<br><br>**Clerk of the Court to Assign District Judge** |

Plaintiff Marcus Brent Fields is proceeding pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.    INTRODUCTION**

Plaintiff initiated this action by filing a complaint in the United States District Court for the Central District of California on August 16, 2024. (Doc. 1.) Plaintiff also filed a motion for the appointment of counsel. (Doc. 2.)

On August 19, 2024, the Central District issued a notice to Plaintiff advising him of a filing discrepancy as he had not paid the $405 filing fee. (Doc. 3.) Plaintiff was advised that if he could not pay the entire filing fee, he must complete and return a request to proceed without prepayment of filing fees form within thirty days. (*Id*.)

On August 26, 2024, United States District Judge John W. Holcomb issued an Order transferring the action from the Central District to this Court. (Doc. 5.) Judge Holcomb found

venue is proper in the Eastern District where the events giving rise to Plaintiff's claims occurred at Kern Valley State Prison in Delano, California. (*Id.*)  For the reasons discussed below, the Courts finds that Plaintiff need not submit an application to proceed *in forma pauperis* as he is precluded from proceeding *in forma pauperis* in this action.

## II.     THREE-STRIKES PROVISION OF 28 U.S.C. § 1915

28 U.S.C. section 1915 governs IFP proceedings. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted).

## III.    DISCUSSION

The Court takes judicial notice[1] of prior lawsuits filed by Plaintiff in the United States District Court for Southern District of California and the Ninth Circuit Court of Appeals:

1. *Fields v. Newsom*, No. 3:22-00044-LL-MDD (S.D. Cal.) (dismissed for failure to state a claim and as frivolous on May 16, 2022);

2. *Fields v. Bouria,* No. 3:22-cv-01656-JLS-MSB (S.D. Cal.) (dismissed for failure to state a claim and as frivolous on November 18, 2022);[2]

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] At least three subsequent actions filed by Plaintiff in the Southern District have been dismissed after Plaintiff failed to pay the filing fee as ordered by that Court: *Fields v. Newsome*, No. 3:23-cv-01416-WQH-MSB; *Fields v. Macomber*, No. 3:23-cv-01575-DMS-JLB; and *Fields v. Macomber*, No. 3:23-cv-02107-DAB-BLM. Additionally, an action filed by Plaintiff in the Central District of California has also been dismissed for his failure to pay the filing fee as ordered: *Fields v. Macomber*, No. 2:24-cv-00207-JWH-SHK.

2

3. *Fields v. Newsom*, No. 22-55519 (9th Cir.) (appeal dismissed as frivolous on November 17, 2022); and

4. *Fields v. Bouria*, No. 22-56171 (9th Cir.) (appeal dismissed as frivolous on May 18, 2023)

A dismissal for a failure to state a claim is a strike for purposes of 28 U.S.C. § 1915(g). *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011). An appeal dismissed as frivolous also constitutes a strike. *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016). Because Plaintiff has incurred at least three prior "strikes, and each was dismissed prior to the commencement of the current action on August 16, 2024, Plaintiff is subject to the section 1915(g) bar. Moreover, he is precluded from proceeding IFP in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

The Court has reviewed the complaint in this action and finds that Plaintiff's allegations do not meet the imminent danger exception. Plaintiff alleges his constitutional rights were violated when his C-PAP device was confiscated on October 25, 2023. (Doc. 1.) Although Plaintiff complains the lack of his C-PAP device caused him "to suffer for months on end," that his asthma "put [him] in distress," and that he would wake in the middle of the night choking and concerned about his existing heart condition, these allegations are insufficient to demonstrate an imminent danger of serious physical injury. A review of documents attached as exhibits to Plaintiff's complaint support this finding. (*Id*. at 15, 24 [referencing medical records].)

Plaintiff lost the use of his C-PAP device on October 25, 2023, but waited more than nine months to file his complaint, suggesting any danger is not imminent. The "imminent danger" exception cannot be triggered solely by complaints of past harm. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint"); *Rogers v. Sterling*, No. 2:20-cv-1508-TMC, 2021 WL 195298, at *1 (D.S.C. Jan. 20, 2021) (adopting recommendations to deny IFP where plaintiff "failed to make a showing of 'imminent danger' as he had been without a CPAP machine for a substantial period of time since being diagnosed with sleep apnea

3

but had not suffered any serious medical problems as a result"); *Blackman v. Mjening*, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016) ("Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical"); *Dickson v. United States*, No. 5:16cv215/MP/CJK, 2016 WL 6078330, at *2 (N.D. Fla. Aug. 8, 2016) (recommending IFP be denied because "allegations concerning denial of a 'sleep study' and CPAP machine, delay in receiving bottom dentures, lack of annual eye examinations and denial of a paying prison job, even viewed collectively, do not arguably show plaintiff is under imminent danger of serious physical injury"), recommendations adopted October 14, 2016, 2016 WL 6070074; *Staley v. Smalley*, No. 9:07-cv-1553-PMD, 2007 WL 2283647, at *2 (D.S.C. Aug. 6, 2007) (finding that plaintiff failed to show his medical condition placed him in imminent danger of physical injury where he had been without medication for a sustained period of time); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate").

In sum, this Court finds Plaintiff has suffered three or more strikes and was not under imminent danger of serious physical injury when he filed the complaint in this action. Therefore, Plaintiff should be precluded from proceeding *in forma pauperis* in this action. *Andrews*, 493 F.3d at 1052-53.

**IV.    ORDER AND RECOMMENDATIONS**

For the foregoing reasons, the Court **DIRECTS** the Clerk of the Court to assign a district judge to this action and **RECOMMENDS** that:

1. Plaintiff be precluded from proceeding *in forma pauperis* in this action in accordance with 28 U.S.C. section 1915(g); and

2. Plaintiff be ordered to pay the $405.00 filing fee in full within 30 days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and

Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 28, 2024**              /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE