UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS BRENT FIELDS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAMAN SAMADANI, et al.,<br><br>　　　　　Defendants. | Case No.: 1:24-cv-01019-KES-SKO<br><br>**ORDER DENYING MOTION TO APPOINT SPECIAL MEDICAL INDEPENDENT**<br><br>(Doc. 13)<br><br>**ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL OR A MEDIATOR**<br><br>(Doc. 14)<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>(Doc. 15) |

Plaintiff Marcus Brent Fields is proceeding pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.　INTRODUCTION**

On August 29, 2024, this Court recommended Plaintiff's application to proceed *in forma pauperis* (IFP) be denied. (Doc. 9.) The Honorable Kirk E. Sherriff was assigned as the district judge to this action and will consider the recommendation in due course. (*Id*.)

On September 16, 2024, Plaintiff filed a document titled "Motion – Plaintiff is requesting special medical independent from CD.C.R. & State of California master." (Doc. 13.)  On October

17, 2024, Plaintiff filed a document titled "Motion for Appointment of Counsel; Request for Motion for Appointment of Counsel or Co-Counsel or Mediator; Request PLU – K.V.S.P. Law Library won't let me use any [indecipherable] cause I'm not PLU." (Doc. 14.) The following day, Plaintiff filed a document titled "Motion(s); Plaintiff is re-requesting appointment of counsel – for zero law library for over 24 days medical-mental health [indecipherable]; See attached Exhibits 602 for Law Library; See 2 other 1 Eastern New & Pending – 1 going to U.S.D.C.-S.D.N.Y., 2 cir." (Doc. 15.)

## II.   DISCUSSION

### *Motion Filed September 16, 2024 (Doc. 13)*

Despite the reference to a "special medical independent" in the title, Plaintiff appears to contend his application to proceed IFP should be granted. He states the "C-Pap issue was filed December 24-2023 and was closed March-5-2024 received & signed June 7-2024 – closed June 10-2024." (Doc. 13 at 2.) Plaintiff alleges his pain medication was "cut" on June 22, 2024, he has been prescribed new medication for anxiety as of August 21, 2024, he has no income, little support, and is trying "to survive off [his] care packages which [he has] to put down to buy legal personal materials to." (*Id*.) He states he has high blood pressure with "no order to get it taken," his ankle and feet hurt, and he cannot obtain a soft shoe chrono. (*Id*.) He contends his appeals are always denied, amounting to a "'snowball effect' [of] medical health violations" and violations of his state and federal constitutional rights. (*Id*.) Lastly, Plaintiff notes "all medical doctors … are [subordinates] to C.M.O.-C.S.E. like M. Chau." (*Id*.)

As an initial matter, the Court notes Plaintiff's objections to the Court's August 29, 2024, Findings and Recommendations were filed on September 16, 2024, and included similar assertions. (Doc. 12.) Those objections will be considered by District Judge Sherriff in due course.

To the extent Plaintiff asks the Court to appoint an "special medical independent," his request will be denied. As noted in the Findings and Recommendations issued August 29, 2024, Plaintiff's complaint alleges the lack of his C-PAP device caused him "to suffer for months on end," his asthma "put [him] in distress," and he would wake in the middle of the night choking

and concerned about his existing heart condition. Because Plaintiff's complaint has not yet been screened pursuant to 28 U.S.C. section 1915A(a), his request is premature. Moreover, Eighth Amendment deliberate indifference to serious medical needs claims, like Plaintiff's, are commonly alleged and litigated in this district without the appointment of a "special medical independent" or medical expert.

Plaintiff is also advised that Rule 706 of the Federal Rules of Evidence does not contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. *Faletogo v. Moya*, No. 12cv631 GPC (WMc), 2013 WL 524037, at *2 (S.D. Cal. Feb. 23, 2013). The appointment of an expert witness under Rule 706 is intended to benefit the trier of fact, not a particular litigant. *Faletogo*, 2013 WL 524037, at *2. *See also Bontemps v. Lee*, No. 2:12-cv-0771 KJN P, 2013 WL 417790, at *3-4 (E.D. Cal. Jan. 31, 2013); *Gamez v. Gonzalez*, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. Jun. 3, 2010). Even liberally construing Plaintiff's motion to be a request for an independent medical examination does not warrant granting the motion. *See, e.g.*, *Williams v. Sinclair*, No. 3:19-cv-05045-DGE-TLF, 2023 WL 11956046, at *3 (W.D. Wash. Mar. 16, 2023) (denying prisoner's motion for psychological examination, noting a "Rule 35 IME is not appropriate where a party seeks to use it to obtain evidence to support his own claims"); *Reyna v. Weber*, No. Civ. 11-4044, 2012 WL 2999768, at *2 (D. S.D. June 29, 2012) (denying inmate's request for independent medical examination at government expense pursuant to Fed. R. Civ. P. 35); *McKenzie v. Nelson Coleman Correctional Center*, No. 11-0268, 2012 WL 3779129, at *3 (E.D. La. Aug. 2012) ("neither 28 U.S.C. § 1915 nor Fed. R. Civ. P. 35 authorizes the courts to pay for tests, consultation, or examination by private physicians").

In sum, for the foregoing reasons, Plaintiff's motion will be denied.

### *Motion Filed October 17, 2024 (Doc. 14)*

Plaintiff requests the appointment of counsel. He states he cannot afford an attorney, it will likely be necessary "to present a medical expert witness," his ability to investigate is hindered by his incarceration, "considerable discovery" will be required, and that as a prisoner, he lacks a legal education and legal experience. (Doc. 14 at 2.) Plaintiff contends the legal issues in

this matter are complex, he seeks a jury trial which "will require much more greater legal skill than plaintiff has or developed," his allegations "if proved clearly would establish a constitutional violation," and he suffers from physical and mental impairments, and other disorders and conditions warranting the appointment of counsel. (*Id*. at 3.) The motion includes several exhibits, including a grievance concerning law library access, correspondence from the Office of the Inspector General dated November 13, 2024, concerning Priority Library User (PLU) status, an undated letter directed to a "Senior Librarian," and his "Last Will and Testament" signed October 10, 2024. (*Id*. at 4-13.)

Applicable Legal Standards Concerning Appointed Counsel

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

Analysis

The Court must first evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. Plaintiff's complaint has not yet been screened and a determination regarding the likelihood of success on the merits of his claims is premature. Further, a likelihood of success on the merits determination is not the same as that required at screening; at screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the

allegations are not tested as the Court is to consider the factual allegations to be true for purposes of screening.

The Court must also evaluate Plaintiff's ability to articulate his claims pro se considering the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. The Court finds Plaintiff able to articulate his claims in light of their complexity. A brief review of the complaint reveals that Plaintiff alleges deliberate indifference to serious medical needs claims in violation of his Eighth Amendment rights. Despite Plaintiff's assertion to the contrary, the claims are not complex. *See, e.g.*, *Maldanado v. Merritt*, No. 1:23-cv-00482-JLT-SKO PC, 2023 WL 6751114, at *3 (E.D. Cal. Oct. 12, 2023) ("Eighth Amendment deliberate indifference to serious medical needs claims are not complex"); *Lane v. Beach*, No. 1:20-cv-00147-JLT-GSA-PC, 2023 WL 4936300, at *1 (E.D. Cal. Aug. 2, 2023) ("whether defendant Beach was deliberately indifferent to Plaintiff's serious medical needs … is not complex"); *Ireland v. Solano County Jail*, No. CV-08-2707-LRS, 2010 WL 367776, at *1 (E.D. Cal. Jan. 26, 2010) (same).

To the extent Plaintiff relies upon his indigency and incarceration to support his motion, those circumstances do not qualify as exceptional circumstances warranting the appointment of counsel. *See Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Robinson v. Cryer*, No. 1:20-cv-00622-HBK (PC), 2021 WL 9541411, at *1 (E.D. Cal. Jan. 11, 2021) ("Although Plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face"); *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel").

Plaintiff also contends counsel is needed to assist with discovery and a jury trial. The fact that an attorney may be better able to perform research, investigate, and represent Plaintiff during discovery and at trial does not amount to an exceptional circumstance. *Rand*, 113 F.3d at 1525

1  (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment
2  of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm
3  of discovery and the securing of expert testimony"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331
4  (9th Cir. 1986) (same); *Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL
5  1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial
6  "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment
7  of counsel); *Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal.
8  May 2, 2016) (while a pro se litigant may be better served with the assistance of counsel were the
9  case to proceed to trial, the court need not appoint counsel if plaintiff can articulate his claims and
10 exceptional circumstances do not exist); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM
11 RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and
12 anticipated cross-examination of witnesses do not indicate the presence of complex legal issues
13 warranting a finding of exceptional circumstances").

14 Plaintiff's assertion regarding limited access to the law library is also common to most
15 prisoners and does not warrant the appointment of counsel. *See Galvan v. Fox*, No. 2:15-CV-
16 01798-KJM (DB), 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017) ("Circumstances common
17 to most prisoners, such as lack of legal education and limited law library access, do not establish
18 exceptional circumstances that warrant a request for voluntary assistance of counsel"); *Garcia v.
19 CDCR*, No. 12cv1084 IEG (KSC), 2013 WL 485756, at *2 (S.D. Cal. Feb. 6, 2013) (denying
20 appointment of counsel where plaintiff "has only a '5.3 grade point level,' has been proceeding
21 thus far with the help of another inmate, and has limited access to the law library").  Additionally,
22 the need for a medical expert is not an exceptional circumstance warranting the appointment of
23 counsel. *See Brooks v. Smith*, No. 2:22-CV-0062-DMC-P, 2022 WL 17629298, at *1 (E.D. Cal.
24 Dec. 13, 2022) ("Plaintiff's stated circumstances such as the lack of knowledge, legal rules and
25 procedure, *or the potential necessity of an expert witness* are common to almost all prisoners and,
26 as such not extraordinary" [italics added]); *Honeycutt v. Snider*, No. 3:11-cv-00393-RJC (WGC),
27 2011 WL 6301429, at *1 (D. Nev. Dec. 16, 2011) ("The appointment of experts in deliberate
28 indifference cases is rare, and such requests should be granted sparingly, particularly given the

6

large volume of cases in which indigent prisoners allege claims under the Eighth Amendment related to medical care, and the substantial expense defendants may have to bear if courts were to appoint experts in such cases"). Finally, any physical and mental disabilities do not in themselves establish exceptional circumstances warranting appointment of counsel. *See, e.g.*, *Jones v. Kuppinger*, No. 2:13-cv-0451 WBS AC P, 2015 WL 5522290, at *3-*4 (E.D. Cal. Sept. 17, 2015) ("[c]ircumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, *mental illness and disability*, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel" [italics added]).

In sum, the test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. *See Wilborn*, 789 F.2d at 1331. Here, no exceptional circumstances exist warranting the appointment of counsel and the motion is denied.

*Motion Filed October 18, 2024 (Doc. 15)*

Plaintiff states he is "re-requesting appointment of counsel," has had "zero Law Library use for over 24 days," and his physical and mental health have declined. (Doc. 15.) Plaintiff appends a "602 1st level due October 12-2024" and "two different valid court [filings]," referencing pending actions in the Southern District of New York and in the Sacramento division of this Court, in case number 2:23-cv-2488-CKD. (*Id*.)[1] Plaintiff's second motion for the appointment of counsel will be denied for the reasons set forth above.

**III.    CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS**:

1. Plaintiff's motion (Doc. 13) concerning appointment of a medical examiner is **DENIED**; and

2. Plaintiff's motions (Docs. 14 & 15) concerning the appointment of counsel are **DENIED**.

IT IS SO ORDERED.

Dated:    **October 23, 2024**               /s/ *Sheila K. Oberto*

---

[1] The Court notes Plaintiff's first and second requests for appointment of counsel were filed only one day apart.

UNITED STATES MAGISTRATE JUDGE