UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS BRENT FIELDS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAMAN SAMADANI, et al.,<br><br>　　　　　Defendants. | Case No.: 1:24-cv-01019-KES-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS PREMATURE**<br><br>(Doc. 18)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR DEFAULT AS PREMATURE**<br><br>(Doc. 19)<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Marcus Brent Fields, a state prisoner, is proceeding pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.     BACKGROUND**

Plaintiff initiated this action by filing a complaint in the United States District Court for the Central District of California on August 16, 2024. (Doc. 1.)  The action was transferred to this Court on August 27, 2024. (Docs. 5 & 6.)

On August 29, 2024, the Court issued Findings and Recommendations to Deny In Forma Pauperis Status. (Doc. 9.) The Court found Plaintiff has incurred four "strikes" pursuant to 28 U.S.C. 1915(g) and did not meet the imminent danger exception to the statute. (*Id*. at 2-4.)

Plaintiff timely filed objections on September 16, 2024. (Doc. 12.) The Findings and Recommendations remain pending final determination by District Judge Kirk E. Sherriff.

On December 2, 2024, Plaintiff filed a document titled "Movement for Summary Judgment – Fed. R. Civ. P. 56(b); Exhibit Refresher – read & shredd – denie 13, 14, 15." (Doc. 18.) On December 30, 2024, Plaintiff filed a document titled "Petition – For Default against Defendants et al – seeking instant monetary relief for pain(s) and suffering(s); Demand for Jury trial double monetary relief if this default is not answered; Plaintiff – request Docket sheet." (Doc. 19.)

## II.   DISCUSSION

Plaintiff's motions are premature. First, the Court has not yet screened Plaintiff's complaint. Screening of a prisoner complaint is required by 28 U.S.C. § 1915A(a). This Court is one of the busiest district courts in the nation, and delays are inevitable.[1] Until Plaintiff's complaint has been screened, summary judgment is premature. *See, e.g.*, *Baker v. German*, No. 1:16-cv-01873-AWI-SAB (PC), 2017 WL 531937, at *1 (E.D. Cal. Feb. 9, 2017) (recommending summary judgment be denied where complaint not yet screened and service of complaint not yet authorized), recommendation adopted 2017 WL 1427028 (E.D. Cal. Apr. 21, 2017); *see also Dews v. County of Kern*, No. 14-16423, 599 Fed. App'x 681, 682 (9th Cir. Mar. 27, 2015) (finding district court properly denied Dews's motions for summary judgment as premature because a court must first screen a prisoner's complaint).

Second, discovery has not yet commenced. Although Rule 56 of the Federal Rules of Civil Procedure allows a party to file a motion for summary judgment "at any time," the rule also allows the court, as is just, to deny the motion or order a continuance for the opposing party to pursue discovery. Fed. R. Civ. P. 56. Here, no defendant has appeared in this action,[2] and defendants have not had an opportunity to pursue discovery. *See, e.g.*, *Williams v. Yuan Chen*,

---

[1] As Plaintiff was advised in this Court's First Informational Order In Prisoner/Civil Detainee Civil Rights Case, issued August 27, 2024, "the Court has an extremely large number of pro se plaintiff civil rights cases pending before it, and delay is inevitable." (*See* Doc. 7 at 3.)

[2] Once the Court has determined that the complaint states a cognizable claim or claims, it "will direct the United States Marshal to initiate service of the complaint on defendants." (*See* Doc. 7 at 3, 4.)

1  No. S-10-1292 CKD P, 2011 WL 4354533, at * 3 (E.D. Cal. Sept. 16, 2011) (denying plaintiff's
2  summary judgment motion as premature where defendant had not yet filed an answer and the
3  court had not issued a discovery order); *Moore v. Hubbard*, No. CIV S-06-2187 FCD EFB P,
4  2009 WL 688897, at *1 (E.D. Cal. Mar. 13, 2009) (recommending that pre-discovery motion for
5  summary judgment be denied as premature); *see also Vining v. Runyon*, 99 F.3d 1056, 1058 (11th
6  Cir. 1996) ("A premature decision on summary judgment impermissibly deprives the
7  [defendants] of their right to utilize the discovery process to discover the facts necessary to justify
8  their opposition to the motion").

       Plaintiff's motion for default is also premature. As noted above, Plaintiff's complaint has not yet been screened. Therefore, no defendant has been served and no responsive pleading is due. *Baker*, 2017 WL 531937, at *1 ("Should Plaintiff's complaint proceed beyond the screening stage, the Court will order service, and issue an order setting a schedule for discovery and dispositive motions"); *see also Banks v. S/CO Lima*, No. 2:22-cv-01622-CDS-BNW, 2022 WL 22246748, at *1 (D. Nev. Dec. 14, 2022) (denying motion for entry of default as premature); *Cranford v. Smith*, No. 1:13-cv-01555-GSA-PC, 2013 WL 6503301, at *1-2 (E.D. Cal. Dec. 11, 2013) (denying plaintiff's motion for default judgment as premature because defendant had not yet been served); *Askari v. Kerestes*, No. 1:12-CV-2042, 2013 WL 1703560, at *2 (M.D. Penn. Mar. 22, 2013) (recommending default judgment be denied as premature because second amended complaint not yet screened or served), recommendation adopted 2013 WL 1703580 (M.D. Penn. Apr. 19, 2013).

       Plaintiff is advised that until the assigned district judge has ruled on the pending Findings and Recommendations to deny in forma pauperis status and the undersigned has screened the complaint, summary judgment or default is premature. Finally, *as a one-time courtesy*, the Court will direct the Clerk of the Court to send Plaintiff a copy of the docket sheet for this action.

### III.    ORDER AND RECOMMENDATIONS

Accordingly, the Court **DIRECTS** the Clerk of the Court to send Plaintiff a copy of the docket sheet for this action as a one-time courtesy.

Further, based upon the foregoing, the Court **HEREBY RECOMMENDS**:

3

1. Plaintiff's summary judgment motion (Doc. 18) be **DENIED** as premature; and
2. Plaintiff's motion for default (Doc. 19) be **DENIED** as premature.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **January 2, 2025**          /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE