|     |     |
| --- | --- |
| 1   |     |
| 2   |     |
| 3   |     |
| 4   |     |
| 5   |     |
| 6   |     |
| 7   |     |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS BRENT FIELDS,<br><br>        Plaintiff,<br><br>    v.<br><br>SAMAN SAMADANI, et al.,<br><br>        Defendants. | Case No.: 1:24-cv-01019-KES-SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY IN FORMA PAUPERIS STATUS AND ORDERING PLAINTIFF TO PAY FILING FEE<br><br>Doc. 9 |

      Plaintiff Marcus Brent Fields is proceeding pro se in this civil rights action pursuant to 42 U.S.C. section 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On August 16, 2024, plaintiff initiated this action in the United States District Court for the Central District of California. Doc. 1. On August 19, 2024, the clerk of the court for the Central District informed plaintiff that he needed to pay the filing fee in full or submit a motion to proceed in forma pauperis to proceed with his case. Doc. 3. On August 29, 2024, following transfer to this Court from the Central District, the assigned magistrate judge issued findings and recommendations finding plaintiff ineligible to proceed in forma pauperis and recommending plaintiff be required to pay the filing fee in full to proceed. Doc. 9. Specifically, the findings and recommendations find that plaintiff has accumulated more than three "strikes" and that he has failed to demonstrate that he meets the imminent danger exception under 28 U.S.C. section

1915(g). *Id.* Plaintiff filed timely objections on September 16, 2024. Doc. 12.

Plaintiff's objections do not address the magistrate judge's analysis. *See id.* Plaintiff's objections mostly appear to argue that he exhausted his administrative remedies prior to bringing this action. Doc. 12 at 1-2. While exhausting administrative remedies is a prerequisite to bringing suit in federal court, whether plaintiff has exhausted his administrative remedies has no bearing on the analysis of the findings and recommendations. The magistrate judge's recommendation that plaintiff be denied in forma pauperis status was based on plaintiff's prior three "strikes" and his failure to demonstrate that he met the imminent danger exception under 28 U.S.C. section 1915(g).

Plaintiff also asks the Court to "keep [his] case open [until] it get[s] resolved" and he gets "[his] CPAP back if acc[u]rate test says." *Id.* at 1. However, the findings and recommendations do not recommend dismissal of plaintiff's case; they recommend that plaintiff not be allowed to proceed in forma pauperis. Though the Court recognizes that "the denial of IFP status effectively . . . denies many indigent prisoners access to the courts," plaintiff's concern that his complaint could be dismissed should he ultimately be unable to pay the filing fee does not undermine the findings and recommendations' conclusion that plaintiff does not qualify for IFP status. *Harris v. Harris*, 935 F.3d 670, 676 (9th Cir. 2019) (cleaned up).

To the extent plaintiff is asking that the Court delay action on his IFP status because future test results may indicate that he has a medical need for a CPAP machine, the Court cannot evaluate his IFP eligibility based on a hypothetical future need for medical treatment. Plaintiff's complaint alleges he suffered harm because about a month after his transfer to Kern Valley State Prison he was made to hand over his CPAP machine. However, he attached to his complaint documentation noting that he was given the CPAP machine pending a March 2023 sleep study and that the machine was removed after testing revealed he did not have obstructive sleep apnea. Doc. 1 at 6, 15.

As the findings and recommendations correctly note, the relevant inquiry is whether plaintiff faced imminent danger *at the time* that he filed his complaint. *See* Doc. 9 at 3 (citing *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007)). "The [imminent danger] exception's

use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed *at the time* the prisoner filed the complaint." *Andrews*, 493 F.3d at 1053.  Nearly all of plaintiff's allegations regarding the harm he allegedly suffered are in the past tense, and the findings and recommendations correctly reasoned that plaintiff does not qualify for the imminent danger exception under 28 U.S.C. § 1915(g).  Though "[u]nder certain facts, it is possible that a plaintiff's sleep apnea could be so severe and the need for a CPAP machine could be so urgent that a plaintiff might be in imminent danger of serious physical injury," *see Abordo v. Dept. of Justice*, Civil No. 24-00233 MWJS-WRP, 2024 WL 3618659, at *2 (D. Haw. Aug. 1, 2024), plaintiff's allegations do not meet this bar.

Pursuant to 28 U.S.C. § 636(b)(1), this Court conducted a de novo review of this case.  Having carefully reviewed the matter, the Court concludes the findings and recommendations are supported by the record and proper analysis.  Thus, plaintiff may not proceed in forma pauperis and is required to pay the filing fee in full before proceeding any further with this action.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations issued August 29, 2024, Doc. 9, are **ADOPTED** in full;
2. Plaintiff is **PRECLUDED** from proceeding in forma pauperis in this action pursuant to 28 U.S.C. section 1915(g); and,
3. Plaintiff **SHALL** pay the $405.00 filing fee in full **within 30 days** of the date of service of this order.

IT IS SO ORDERED.

Dated:   January 3, 2025

_____
UNITED STATES DISTRICT JUDGE

3